## CANDIA *vs.* FRENCH.

The act of 1819, repealing the law authorizing towns to vote and grant money for the settlement, maintenance and support of the ministry, did not deprive them of the right of appropriating property previously acquired for religious purposes, to the uses for which it was designed, by granting it to religious societies within the town.

TROVER for several promissory notes. The cause was tried upon the general issue, and a verdict taken for the defendant, by consent, subject to the opinion of this court upon the following case.

Previous to the year 1831, the town of Candia had been seized and possessed of a "parsonage lot" of land, and had sold the same for a large sum of money, which had been loaned to divers individuals, and the notes mentioned in the declaration taken in part therefor.

At a meeting of the town, duly holden on the 31st December, 1831, "to see how the town will dispose of the 'parsonage fund belonging to said town, and how much of 'said fund the town will give to the Congregational Society 'in Candia"—it was voted that $3500 of said fund be given to said Congregational Society, and that notes and securities to that amount be delivered to that society; and that $889 of said fund be given to the Union Baptist Society in said town, and that notes and securities to that amount be delivered to that society.

At a meeting of said Congregational Society, on the first

of February, 1832, it was voted to accept said donation of $3500, and the notes mentioned in the declaration were delivered, in pursuance of the vote of the town, by the selectmen, to a committee of the society, and were afterwards placed in the hands of the defendant, (to be kept for said society,) of whom they have been since demanded by an agent of the town.

At a town meeting held on the 4th of April, 1832, " to see what the town will do in relation to the interests of the parsonage fund," it was " voted to give to the society denominated the Freewill Baptist Society their proportion of the parsonage fund, according to assessment."

The plaintiffs offered to prove that a division of said fund according to assessment would have given to the Baptist Society over $1300,—which evidence was rejected.

*Bartlett*, and *Bell*, for the plaintiffs, cited 10 *Pick*. 320, *Emerson* vs. *Wiley ;* 2 *N. H. Rep*. 20, *Union Baptist Society* vs. *Candia ; Stat. July* 1, 1819 ; 1 *Mass*. 181, *Bangs* vs. *Snow ;* 5 *ditto* 547, *Dillingham* vs. *Snow ;* 13 *Mass*. 272, *Stetson* vs. *Kempton ;* 11 *Pick*. 396, *Parsons* vs. *Goshen ;* 1 *Green*. 111, *Bethum* vs. *Turner*.

*Cutts*, and *Sullivan*, for the defendant, cited 2 *N. H. Rep*. 508, *Baptist Society in Wilton* vs. *Wilton*.

PARKER, J. The statute of February 8, 1791, expressly gave towns the right " to grant and vote such sum or sums of money as they shall judge necessary, for the settlement, maintenance, and support of the ministry."

Prior to 1819, it would probably not have been contended that towns had not power to distribute real estate or funds held for religious purposes, among the religious societies within their limits. But it is objected that the statute of 1819, repealing the clause before referred to in the statute of 1791, took from towns all power upon this subject ; and that

they have no longer the right to raise money for such purposes, or to appropriate funds in their possession on the passage of the act to such objects; but that such funds became on its passage a part of the general funds of the town, to be used for town purposes.

We are of opinion that this construction of that statute is too broad. The repeal of the authority to vote and grant money for the support of the ministry was intended to deprive towns of the power of further assessing money for that purpose, except in certain cases specified in the act; but not to interfere with funds already raised, and property devoted to such uses. If it were otherwise, all meeting houses then belonging to towns could lawfully be appropriated to municipal purposes only, and all votes granting the use to one or more religious societies must be held illegal. And funds must be diverted from the uses to which they had been before devoted and appropriated, and applied to those which had never been contemplated when they were raised. We think no such operation was intended by the passage of that act; and that the town of Candia had full power, at the time of the votes stated in the case, to divide among the religious societies any funds, in the possession of the town, which had been, before that time, lawfully devoted to the support of the gospel, unless there was something in the grant or purchase by which the property was acquired, which forbade such disposition. 2 *N. H. Rep.* 508, *Baptist Society in Wilton* vs. *Wilton.* And, in fact, if the town could no longer, as such, apply the proceeds to such purpose, it would seem to be a commendable disposition of the property.

The town of Candia, by the vote of December 31, 1831, having made a valid grant to the Congregational Society, which was duly accepted, had no power afterwards to revoke that grant, and there must be

*Judgment for the defendant.*